IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT | § | |
| v. | § | CIVIL ACTION NO. 6:23cv55 |
| UNKNOWN DEFENDANTS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Barry Emmett, an inmate currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. He did not name any defendant or otherwise indicate whom he wished to sue.

In his complaint, Plaintiff says that he is being denied access to the Stiles Unit so that he can obtain kosher meals. He also says that he is being denied "interstate contracts" because he has a contract with a "picture company" to "use $1,000 per year to have VIP status." He contends that TDCJ policy violates Article I, section 16 of the Texas Constitution, and under a case called *Hill v. State*, this creates a liberty interest under the 14th Amendment. Plaintiff does not explain what TDCJ policy he is complaining of, nor how this policy interferes with any constitutionally protected liberty interests.

Legal Standards and Analysis

Court records show that the Plaintiff Barry Emmett has previously filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which

relief may be granted. *See Emmett v. Ebner*, slip op. no. 10-20772, 2011 WL 1659878 (5th Cir., April 29, 2011) (stating that Emmett has accumulated three strikes); *Emmett v. Mitchell, et al.*, civil action no. 3:11cv664, 2011 WL 1659378 (S.D.Tex., dismissed as barred by 28 U.S.C. §1915(g) on April 29, 2011).

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Plaintiff has three strikes, as stated by the Fifth Circuit, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). He did not seek leave to proceed *in forma pauperis* in the present case, nor did he pay the filing fee; instead, he states that he has paid $405.00 [sic] on September 22, November 8, and November 22 of 2022, and asks that these funds be applied to his case, which was received on January 27, 2023. While Plaintiff has paid the filing fee in other cases, the Court has no record of receiving funds in November of 2022 or earlier which were to be applied to a lawsuit filed months later, rather than applying such a fee to one of Plaintiff's numerous other cases.[1]

Specifically, court records show that Plaintiff paid $402.00 as a filing fee on November 22, 2022, in cause no. 6:22cv399. The amended complaint in that case, filed on February 22, 2023, asserts that Plaintiff is being denied kosher meals and a transfer to the Stiles Unit, and that he is being denied his right to contract with a picture company to spend $1,000 per year to maintain VIP status. These are the same allegations forming the basis of the present case.

---

[1] Plaintiff has filed seven cases in the Eastern District of Texas, including the present one, since January 1, 2022. Of these cases, only cause no. 6:22cv399 and the present case remain pending at this time. He also paid the filing fee in cause no.'s 6:22cv156 and 6:21cv243.

Plaintiff did not pay the filing fee in the present case, nor has he set forth a showing of imminent danger of serious physical injury arising from the allegations in his lawsuit. Consequently, his lawsuit should be dismissed pursuant to 28 U.S.C. §1915(g). *Baños*, 144 F.3d at 885; *Judd v. Federal Elections Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009). In addition, Plaintiff's lawsuit may also be dismissed because it simply repeats pending litigation. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (noting that "a district court would be fully justified in dismissing a non-pauper complaint that it duplicative of prior federal court litigation then being pursued by the same plaintiff.")

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $402.00 filing fee. It is further recommended that should the Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in this lawsuit as though the full fee had been paid from the outset. Payment of the filing fee would not affect screening for frivolousness, maliciousness, or failure to state a claim under 28 U.S.C. §1915A. The dismissal of the present lawsuit shall not prevent Plaintiff from pursuing his claims in cause no. 6:22cv399.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 14th day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE